NARCISO ORTIZ v. THE STATE.

No. 9226.    Delivered March 11, 1925.

**Possession of Intoxicating Liquor—Recognizance—Must Set Out Offense.**

A recognizance bond, pending appeal from a conviction for a felony must describe the offense, and failing to do so in this case the appeal is dismissed. See Art. 903, C. C. P.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The conviction is for possession of intoxicating liquor for the purpose of sale; punishment, one year in the penitentiary.

By the terms of Article 903, C. C. P., one of the requisites of a recognizance bond pending appeal from conviction for felony is that the offense of which accused was charged and convicted shall be described. In the present case it is stated in the recognizance that appellant was charged and convicted of the "offense of violation of the prohibition law." There is no such offense as this known to our statutes.

Because of this defect in the recognizance the appeal is ordered dismissed.